**Theodore ANGELL, Plaintiff–Appellant,**

v.

**U.S. ARMY CORPS OF ENGINEERS, Defendant–Appellee.**

**Docket No. 04–3096.**

United States Court of Appeals, Second Circuit.

Sept. 19, 2005.

Appeal from the United States District Court for the Eastern District of New York (Hurley, J.).

Theodore Angell, Riverhead, NY, for Appellant, pro se.

Kevan Cleary, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, and Varuni Nelson, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

Present: CARDAMONE, POOLER, and RAGGI, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Theodore Angell appeals, pro se, from the November 18, 2003 order of the United States District Court for the Eastern District of New York (Hurley, J.), granting defendant-appellee's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) based on the doctrine of *res judicata*. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

To comply with the Rivers and Harbors Appropriation Act of 1899 ("RHA"), 33 U.S.C. §§ 401 *et seq.,* "a permit from the Army Corps of Engineers is required for the installation of any structure in the [nation's] navigable waters which may interfere with navigation, including piers, docks, and ramps." *PUD No. 1 of Jefferson County v. Washington Dep't of Ecology,* 511 U.S. 700, 722, 114 S.Ct. 1900, 128 L.Ed.2d 716 (1994); *see* 33 U.S.C. § 403; 33 C.F.R. § 322.1—5. In 1988, Angell acquired a permit from the Army Corps of Engineers ("Army Corps") before installing a "timber pier assembly" on the Silver Brook Canal ("Canal"). *United States v. Angell,* 292 F.3d 333, 335 (2d Cir.2002). Subsequently, Angell constructed and attached two new floats to the structure for which he obtained state and local permits but did not obtain a permit from the Army Corps. *Id.* In December 1997, the United States sued Angell for failing to obtain a permit from the Army Corps before attaching the new floats to the pier, in violation of the RHA. *Id.* at 335–36. On May 29, 2001, the United States District Court for the Eastern District of New York (Hurley, *J.*) granted summary judgment in favor of the United States, finding that the Canal, as a tidal water body susceptible to interstate or foreign commerce, was navigable under section 10 of the Rivers and Harbors Appropriation Act. 33 U.S.C. § 403; 33 C.F.R. § 329.4; *Angell,* 292 F.3d at 336–37. The district court directed Angell to remove the floats and refrain from adding any structures without receiving a permit from the Army Corps. This court affirmed the district court's judgment. *Id.* at 338. We rejected, *inter alia,* Angell's argument that the Canal was not

"navigable waters" as defined by the RHA and affirmed the district court's judgment because "Angell constructed additional docks in the Canal without the required Army Corps permit." *Id.* at 336–38.

Subsequent to our opinion, on January 16, 2003, Angell filed a complaint against the United States in the United States District Court for the Eastern District of New York (Hurley, *J.*). In his complaint, Angell sought a declaratory judgment that his dock is not in violation of the RHA because the Canal is not on "navigable waters" and an injunction that would essentially allow him to use and maintain his structure. In a November 18, 2003 order, the district court dismissed this complaint, pursuant to Rule 12(b)(6), as barred by the doctrine of *res judicata* and subsequently denied Angell's motion for reconsideration. We affirm.

We review the district court's Rule 12(b)(6) dismissal de novo. *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 216 (2d Cir.2004). Even though *res judicata* is an affirmative defense, it can be upheld on a Rule 12(b)(6) motion if it is clear from the face of the complaint that the plaintiffs claims are barred. *See Day v. Moscow*, 955 F.2d 807, 811 (2d Cir.1992). Under the doctrine of *res judicata*, a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action," *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), and constitutes an absolute bar "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose," *SEC v. First Jersey Secs., Inc.*, 101 F.3d 1450, 1463 (2d Cir.1996) (quoting *Nevada v. United States*, 463 U.S. 110, 129–30, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983)). Moreover, Federal Rule of Civil Procedure 13(a) requires, with certain exceptions not relevant here, that a litigant "state as a counterclaim any claim ... if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." If a litigant fails to raise a compulsory counterclaim as defined by Rule 13(a), she is barred by the doctrine of *res judicata* from raising it in a subsequent suit. *See Critical–Vac Filtration Corp. v. Minuteman Intern., Inc.*, 233 F.3d 697, 699 (2d Cir.2000); *Speed Prods. Co. v. Tinnerman Prods. Inc.*, 222 F.2d 61, 68 (2d Cir.1955).

Angell's claim is barred. The issues he raised in his complaint were fully litigated in the prior litigation. As mentioned above, the district court held, and this Court affirmed, the determination that Army Corps has jurisdiction because the Canal is "navigable waters" as defined by the RHA. *United States v. Angell*, 292 F.3d at 336–37 (holding Canal is navigable, under 33 C.F.R. § 329.4 because it is tidal).[1] Moreover, any additional claim for declaratory or injunctive relief that Angell asserts at this stage is barred by Rule 13(a) because he should have raised it as a counterclaim during the prior litigation. There is no doubt that the earlier litigation and this current litigation arise out of the same transaction or occurrence. They both center on the legality of Angell's construction on the "navigable waters" of the Canal as well as the Army Corps' authori-

---

1. Even under the regulation's "commerce" test, the Canal is navigable, because, while not "presently used" for commerce, it "may be susceptible" for such use in the future. 33 C.F.R. § 329.4. Thus, the absence of current commerce on the Canal is not dispositive. *See id.* § 329.6 ("[I]t is sufficient to establish the potential for commercial use at any past, present, or future time.").

ty to require Angell to obtain permits before construction.[2]

We have considered all of Angell's remaining claims and find them to be without merit. Based on the foregoing, the judgment of the district court is AFFIRMED.

---

2. Although Angell contends in a post-argument letter to this Court that *res judicata* should be overcome by the other compelling circumstances of the case, the doctrine of *res judicata* contains no such exception.

